[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Articulation
The following articulation is offered in response to the plaintiff's Motion for Articulation dated November 8, 2002.
1. Whether deduction from defendant's gross pay for medical insurance was based on his pre-dissolution insurance coverage, which would have included a deduction for insurance for plain tiff, or his post-dissolution insurance coverage, which would not include a deduction for medical insurance for plain tiff.
Evidence was not offered by either party denoting the difference between the defendant's pre-dissolution insurance coverage or subsequent insurance coverage.
2. Whether the court based defendant's income tax amounts on his tax obligation as a married person filing separately or as a single person.
Evidence was not offered as to this issue. The court accepted the deductions offered by the defendant on his financial affidavit and the child support guidelines worksheet submitted.
3. The number of dependant deductions the court allotted to defendant in computing his federal and state tax obligations.
4. Whether the court considered defendant's actual tax obligation in computing the deduction for federal and state income or used the amount being deducted from his wages without consideration of any refund that may be due him as a consequence of over withholding.
No evidence was offered as to this issue.
5. Whether the court considered plaintiff's child care costs in computing the amount of child support. CT Page 388
The court did review the child support guidelines worksheets with respect to the issue of child care costs. Neither worksheet contained any qualifying costs for child care.
BY THE COURT
 ___________________ Robaina, J.
CT Page 389